IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| GLORIA SMALLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 419-343 |
| | ) |
| LANDMARK HOSPITALS; | ) |
| WILLIAM K. KAPP, III; and WILLIAM | ) |
| KAPP LANDMARK HOSPITALS, | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned employment discrimination case. Because she is proceeding IFP, Plaintiff's second amended complaint must be screened to protect potential defendants. See Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*).

### I. PROCEDURAL HISTORY

Upon screening Plaintiff's original complaint, the Court ordered Plaintiff to amend her complaint because as initially drafted, the "complaint [did] not sufficiently articulate facts supporting any of her identified causes of action." (Doc. no. 5, p. 2.) The Court then proceeded, in detail and by specific claim, to identify Plaintiff's pleading deficiencies and instruct her as to what additional factual information was required. (See id. at 5-11.) The Court further cautioned that the amended complaint would supersede the original complaint. (Id. at 11.)

In response, Plaintiff submitted a ten-page amended complaint, along with a thirty-three-page exhibit consisting of handwritten notations on a variety of memorandums, emails, "employee coaching" records, leave requests, and disability paperwork. (See doc. nos. 6, 6-1.) Confusingly, the ten-page amended complaint consisted of five typed pages of an "Amended Complaint," (doc. no. 6, pp. 1-5), and five pages of an "Amended Complaint for a Civil Case," a form complaint which is not specific to an employment discrimination case, (id. at 6-10). Each "amended complaint" listed different Defendants, and the form complaint suggested jurisdiction is based on diversity of citizenship. Also, one section of Plaintiff's typed amended complaint, which otherwise appeared to primarily address alleged employment discrimination issues, is titled "Gloria Smalls 42 U.S.C. 1983 (or 42 U.S.C. 1981 Claims." (Id. at 3.)

Moreover, both sets of documents recited legal terminology without explaining how it applied specifically to Plaintiff's employment discrimination claims. For example, Plaintiff stated she was "pretextually discharged from employment," (id. at 9), "engaged in protective activities," and was "subject to a pattern of harassment and disparate treatment," (id. at 5). However, the amended complaint lacked factual allegations to support such assertions. Plaintiff also made generalized statements such as "[m]istreatment was openly administered and observed," but simply stated "(Doc attached)" in support of her broad allegation. (Id. at 3.) The Court explained a complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" (Doc. no. 8, p. 2) (citations omitted).) Moreover, the Court cautioned the "amended complaint" did not satisfy the pleading requirements of the

2

Federal Rules of Civil Procedure and failed to provide the factual detail she had been previously warned was missing. (See id. at 2-3.) In light of Plaintiff's *pro se* status, the Court afforded Plaintiff a final opportunity to cure her pleading deficiencies.

In aid of drafting a second amended complaint and providing the necessary factual information she had twice omitted, the Court directed the Clerk to provide Plaintiff Form Pro Se 7, Complaint for Employment Discrimination, and instructed Plaintiff to carefully review the instructions on the form complaint and provide the particular information requested. (Id. at 3.) The Court stated, "If Plaintiff wishes to proceed with this action, she must complete and submit the enclosed complaint form," and the Court suggested Plaintiff may wish to group her allegations by type of alleged discrimination. (Id.) The Court again explained the newly amended complaint would supersede and replace entirely the previous pleadings, and exhibits could not be incorporated by reference as a factual basis for her pleading. (Id. at 3-4.) Plaintiff was afforded twenty-one days to comply and was warned failing to comply with the Order would result in a recommendation for dismissal. (Id. at 4.)

Plaintiff did not comply within twenty-days, and submitted two requests for extension of time to submit the required amendment. (Doc. nos. 9, 11.) All told, the Court afforded Plaintiff over two months to submit her second amended complaint.[1] As discussed in detail below, the second amended complaint, (doc. no. 13), was not submitted on the provided form and did not follow the Court's twice-provided instructions about providing factual detail for Plaintiff's claims.

---

[1]The Court entered its order requiring a second amended complaint on December 10, 2021, and the final order granting an extension set a deadline of February 11, 2022. (See doc. nos. 8, 10, 12.)

## II.    SCREENING THE AMENDED COMPLAINT

### A.    BACKGROUND

In its current form, the Court presumes Plaintiff is suing the hospital where she previously worked as licensed practical nurse, Landmark Hospitals, which was founded by William K. Kapp, III.  At various times in this litigation, Landmark Hospitals and William Kapp have been separately named as Defendants, and then joined in one combined title as a Defendant.  (See doc. nos. 1, 13.)  In the pleading now before the Court, Plaintiff lists "William Kapp Landmark Hospitals" as one Defendant in the caption, but then separates the entities in her list of parties.  (Doc. no. 13, pp. 1, 2.)  Plaintiff alternately states she brings the action "pursuant to Title VII of the Civil Rights Act of 1994," but then also invokes multiple other sections of the United States Code and the Georgia Constitution.  (Id.)

The amended complaint does not contain a statement of claim(s).  Rather, there is a section entitled "General Allegations," which opens with one sentence stating that prior to commencing this lawsuit, Plaintiff filed an EEOC charge against Landmark Hospitals, "alleging discrimination based on disability (congestive heart failure) and retaliation (disparaging treatment, wrongfully terminated), religion (believing in God) discrimination, (race- afro American)."  (Id. at 2.)  Plaintiff next states that "William K. Kapp III Landmark Hospital" is in default because it did not respond to her "green card proof of service." [2]  (Id. at 2-3.)  After these two introductory paragraphs, Plaintiff then provides one typed

---

[2]Because Plaintiff is proceeding IFP, as described herein, the Court must screen Plaintiff's claims.  Therefore, without even addressing the issue of Plaintiff's invalid service attempt by simply mailing a copy of the original complaint, as no valid claims have been allowed to proceed and service has not been ordered by the Court, no Defendant has been required to participate in the case.  Thus, no party is in default.

paragraph, single spaced and covering nearly one and a half pages of free-form narrative discussing Plaintiff's alleged mistreatment with respect to shift assignment, patient load and treatment, and obtaining disability paperwork, commencing with her hospitalization in February 2017 for pneumonia and lasting through her termination on August 24, 2018.

In summarizing her "General Allegations," Plaintiff states Defendant engaged in "unlawful retaliatory practices . . . because she opposed harassing discriminatory practices and participated in an EEOC proceeding, and Georgia Board of Labor." (Id. at 4.) Plaintiff continues in conclusory fashion to state the listed events deprived her of "equal employment opportunities in retaliation for exercising her federally protected rights." (Id.) She further alleges the employment practices were intentional and "done with malice or with reckless indifference to [her] federally protected rights." (Id.) Plaintiff also attached six pages of emails, letters, pay stubs, and witness statements. (Id. at 6-13.) There is no right to sue letter attached.[3]

## B.   DISCUSSION

### 1.   Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same

---

[3]The Court is aware Plaintiff's right to sue letter and EEOC charge are located in the record. (Doc. no. 1-1.) However, Plaintiff was specifically cautioned that no portion of any prior pleading shall be incorporated by reference into the amended complaint. (Doc. no. 8, p. 4.)

standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the amended complaint. Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

## 2. Plaintiff's Amended Complaint Should Be Dismissed for Failure to Follow a Court Order and as an Impermissible Shotgun Pleading

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (finding dismissal appropriate where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned" (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").  Furthermore, although the Court gives a liberal construction to *pro se* pleadings, *pro se* litigants are nevertheless required to conform to procedural rules. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).

"[T]he ability to dismiss a complaint on shotgun pleading grounds" is included within the district court's inherent authority to control its's docket. Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018).  "Complaints that violate either Rule 8(a) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings'" Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015).  Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . .  If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count. . . ."

7

The dim view taken of shotgun pleadings has been described as follows:

> The Eleventh Circuit is particularly opprobrious of what are known as "shotgun pleadings," or pleadings that violate Rules 8(a)(2) or 10(b). See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320-21 (11th Cir. 2015) (recognizing the Eleventh Circuit's "thirty-year salvo of criticism aimed at shotgun pleadings"); Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) ("Courts in the Eleventh Circuit have little tolerance for shotgun pleadings."). There are four types of shotgun pleadings: first, those "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before. . . ." Weiland, 792 F.3d at 1321. The second type is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. Third are those that do not separate each claim into a separate count. See id. at 1322-23. Fourth is the "relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts . . . or which of the defendants the claim is brought against." Id. at 1323.
>
> . . . .
>
> The purpose of Rules 8(a)(2) and 10(b) is to allow the defendant to discern what the plaintiff is claiming and frame a responsive pleading and to allow the court to determine whether the plaintiff has stated a claim for which relief can be granted. See Weiland, 792 F.3d at 1320. Courts are not required to "sift through the facts presented and decide for [itself] which [are] material." Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 372 (11th Cir. 2005) (quotation omitted).

Cummings v. Mitchell, No. CV 118-161, 2020 WL 1491751, at *2 (S.D. Ga. Mar. 17, 2020) (Hall, C.J.). The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland 792 F.3d at 1323 (footnote omitted).

Here, the Court twice provided Plaintiff explicit instructions on the method for amending her complaint to address pleading deficiencies if she wanted to pursue this case, including describing the elements of various causes of action for employment discrimination

8

and identifying lack of factual detail to support her claims.  (See doc. nos. 5, 8.)  The Court also provided Plaintiff a standard employment discrimination complaint form and instructed her to "carefully review the instructions and provide the information requested." (Doc. no. 8, p. 3 & n.1.)  That standard form instructs a plaintiff to state how each defendant was involved and what each defendant did to cause harm and explicitly states, "If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph."  (Pro Se 7 Complaint for Employment Discrimination, p. 4.)  That form also delineates seven different types of discrimination and instructs a plaintiff to attach a copy of the Notice of Right to Sue letter form the Equal Employment Opportunity Commission.  (Id. at 4-5.)

Despite receiving two opportunities to correct her pleading deficiencies, and multiple extensions of time to file a second amended complaint, Plaintiff has not complied with the instructions provided, omitting critical factual detail and when there is factual detail, it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief."  Liebman v Deutsche Bank Nat'l Tr. Co., 462 F. App'x 876, 879 (11th Cir. 2012) (*per curiam*) (citation omitted). In fact, Plaintiff has failed to delineate any particular claim for relief, choosing instead to provide a laundry list of statutory citations and then providing a rambling recitation of "General Allegations," which are not obviously connected to any particular cause of action.  See Weiland, 792 F.3d at 1321.

Moreover, even if the Court were to assume Plaintiff is intending to bring the discrimination claims delineated in the first paragraph of her "General Allegations," she fails to include critical information necessary to state a claim.  For example, as was previously explained, a *prima facie* claim of disability discrimination under the Americans with

9

Disabilities Act requires a showing that Plaintiff (1) is disabled, (2) is qualified, and (3) was discriminated against on account of her disability. (Doc. no. 5, p. 5 (citations omitted). Plaintiff again fails to provide any details as to qualification concerning her ability to perform the essential functions of her employment with or without reasonable accommodation. (Id. at 6 (citations omitted).) Nor does she ever state whether she requested an accommodation.

She also makes a conclusory allegation of "prevalent discrimination based on race (afro American), national origin. . . ." (Doc. no. 13, p. 3.) The Court previously informed Plaintiff one of the four elements of a race discrimination claim is an allegation that her employer treated similarly situated employees outside of her class more favorably. (Doc. no. 5, p. 7 (citations omitted).) Other than her own race, Plaintiff does not identify the race of any persons mentioned in her "General Allegations." As to potential religious discrimination, Plaintiff does not provide any fact related to any alleged jokes or comments about her religion, how often such comments were made, or whether her employer was made aware of the situation - all factual information the Court previously explained was necessary. (Id. at 8-9 (citations omitted).) To the extent Plaintiff alleges retaliation based on her participation in an EEOC proceeding and the Georgia Board of Labor, the only dates provided that relate to those proceedings occurred *after* Plaintiff's termination, thus leaving Plaintiff's amended complaint bereft of the necessary causal link between the protected act and the adverse employment action.[4] (Id. at 9 (describing elements of retaliation claim).)

---

[4]Plaintiff alleges she was fired on August 24, 2018, and filed an EEOC charge "on or about January 14, 2019. (Doc. no. 13, pp. 2, 3.) Plaintiff lists "GA BOARD OF LABOR" on an email exhibit bearing the date September 21, 2018, also after her termination date. (Id. at 7.)

While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," Iqbal, 556 U.S. at 678. Plaintiff's shotgun pleading fails to provide sufficient details, or even clearly delineated types of alleged employment discrimination, such that the Court could conclude she has any viable claims or that a Defendant would have adequate notice of the claims against them and the grounds for those claims. As the Court has already given Plaintiff multiple opportunities to remedy her pleading deficiencies, to no avail, the federal claims should be dismissed with prejudice. Vibe Micro, Inc., 878 F.3d at 1296 (ruling the "district court should explain how the offending pleading violates the shotgun pleading rule so that the party may properly avoid future shotgun pleadings" but may dismiss with prejudice if the party does not comply); see also Hudson v. Morris, CV 420-120, 2022 WL 344556, at *5 (S.D. Ga. Feb. 4, 2022) (Baker, J.) (dismissing federal claims after concluding court need not provide limitless attempts to correct repeatedly noted pleading deficiencies).

### 3. Any Potential State Law Claims Against Any Defendant Should Be Dismissed Without Prejudice

To the extent Plaintiff may have any viable state law claims regarding the events alleged in her second amended complaint, those should be dismissed without prejudice so that Plaintiff may pursue them, if she so chooses, in state court.[5] Federal district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or

---

[5]As noted above, Plaintiff lists the Constitution of the State of Georgia as one possible source of jurisdiction. (See doc. no. 13, p. 1.)

controversy under Article III of the United States Constitution." Id. § 1367(a). However, § 1367(c)(3) states that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ." Id. § 1367(c)(3) (emphasis added).

The Eleventh Circuit has explicitly advised that a district court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists:

> At this time, the case retains no independent basis for federal jurisdiction. . . . A proper resolution of the two state law causes of action will require a careful analysis of Alabama law--something the courts of Alabama are in the best position to undertake and, for reasons of federalism, should undertake. . . . We conclude that the district court should dismiss the state law claims so that Appellee may pursue them in state court.

Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000); see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the . . . defendants, the district court correctly dismissed its remaining state law claims against these defendants."); Rice v. Branigar Org., Inc., 922 F.2d 788, 792 (11th Cir. 1991) (recognizing that trial court's decision to exercise pendant jurisdiction over state law claims is discretionary).

Here, the Court has determined that the claims serving as the basis for original federal court jurisdiction must be dismissed. Thus, without the federal claims, the Court concludes any potential state law claims should be dismissed without prejudice. Vibe Micro, Inc., 878 F.3d at 1296 ("When all federal claims are dismissed before trial, a district court should typically dismiss the pendant state claims as well. . . . [I]t usually should do so without prejudice as to refiling in state court." ).

### III.    Leave to Appeal *In Forma Pauperis*

The Court should also deny Plaintiff leave to appeal IFP. Although Plaintiff has not yet filed a notice of appeal, it is appropriate to address these issues now. See Fed. R. App. P. 24(a)(3)(A) ("A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless the district court - - before or after the notice of appeal is filed - - certifies that the appeal is not taken in good faith . . . ."). An appeal cannot be taken IFP if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. See id.; 28 U.S.C. § 1915(a)(3). Good faith in this context must be judged by an objective standard. See Busch v. Cnty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999) (citing Coppedge v. United States, 369 U.S. 438 (1962)). A party does not proceed in good faith when seeking to advance a frivolous claim or argument. See Coppedge, 369 U.S. at 445. A claim or argument is frivolous when, on their face, the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (*per curiam*). Stated another way, an IFP action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. CV 407-085, CR 403-001, 2009 WL 307872, at *1-2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis, there are no non-frivolous issues to raise on appeal, and any appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff IFP status on appeal.

## IV.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** and that this civil action be **CLOSED**.  Any federal claims should be dismissed with prejudice, but any potential state law claims should be dismissed without prejudice.  The Court further **RECOMMENDS** Plaintiff be **DENIED** leave to appeal IFP.

SO REPORTED and RECOMMENDED this 15th day of February, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA